UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEROME MENDELL HAILEY,

    Plaintiff,

v.

LLOYD BLACKMAN,

    Defendant.

                               /

Case No. 1:18-cv-464

Hon. Paul L. Maloney

## REPORT AND RECOMMENDATION

This is a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 brought by a prisoner held by the Michigan Department of Corrections (MDOC). This matter is now before the Court on defendant's motion to dismiss for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5) (ECF No. 37).

    **I.**    **Background**

*Pro se* plaintiff filed a complaint on April 25, 2018. Unlike most prisoners, plaintiff paid the full filing fee. The Court dismissed the complaint prior to service pursuant to 28 U.S.C. § 1915A(a) ("[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity") and 28 U.S.C. § 1915A(b)(1) ("[o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted . . ."). *See* Opinion and Judgment (ECF Nos. 2 and 3). Plaintiff appealed. The Sixth Circuit affirmed the judgment in part, vacated the judgment in part, and

1

remanded for further proceedings. *See Hailey v. Blackman*, No. 18-1808 (Order) (6th Cir. Jan. 31, 2019) (ECF No. 17).

After the remand, plaintiff filed an amended complaint (ECF No. 19), and the Court entered an "Order staying case and Referral to the Pro Se Prisoner Civil Rights Litigation Early Mediation Program" (ECF No. 21).  Pursuant to that order Attorney Allen J. Soros entered a limited appearance for defendant to file a statement to exclude the case from mediation (ECF No. 22).  This Court removed the case from Early Mediation (ECF No. 24).  Then, on April 30, 2019, the Court entered an order lifting the stay and setting forth the procedure for plaintiff to serve the amended complaint on defendant, stating in part,

> **IT IS FURTHER ORDERED** that the Clerk shall issue a summons for Defendant and send the summons to Plaintiff with a copy of this order and one copy of the amended complaint (ECF No. 19). Because Plaintiff is not proceeding *in forma pauperis* in this action, he is responsible for service of the summons and complaint upon Defendant. *See* Fed. R. Civ. P. 4.
>
> **IT IS FURTHER ORDERED** that Defendant shall file an appearance of counsel (individual Defendants may appear *pro se* if they do not have counsel) within 21 days of service or, in the case of a waiver of service, 60 days after the waiver of service was sent. . .

Order (ECF No. 27, PageID.72-73).[1]

Plaintiff claims to have served the amended complaint pursuant to a summons dated May 22, 2019.  *See* Summons and Proof of Service (ECF No. 38-1); Plaintiff's handwritten proof of service (ECF No. 28).  On June 5, 2019, Attorney Raina Korbakis entering her appearance as counsel for defendant Lloyd Blackman in the place of Attorney Soros and requested a withdrawal of Attorney Soros from this case (ECF No. 29).  That same day, defendant filed a jury demand

---

[1] While defendant was aware of the lawsuit, the Court notes that "actual knowledge and lack of prejudice cannot take the place of legally sufficient service." *LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999).

pursuant to Fed. R. Civ. P. 38(b) (ECF No. 30).  The Court entered a standard case management order ("CMO") used in prisoner cases, which set forth pre-trial deadlines (ECF No. 32).

### II. Discussion

#### A. Plaintiff failed to properly serve defendant

About one month after entry of the CMO, defendant filed his present motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(5), which allows for dismissal due to "insufficient service of process."  Plaintiff bears the burden of proof in determining whether the summons and complaint were properly served on defendant.  *See Metropolitan Alloys Corporation v. State Metals Industries, Inc.*, 416 F. Supp. 2d 561, 563 (E.D. Mich. 2006).  Here, defendant points out that plaintiff improperly attempted to serve him without engaging a third-party process server.  *See* Summons and Proof of Service (ECF No. 38-3) (signed and dated by plaintiff).

Defendants provided the following explanation of the service in this case:

> In February 2019, Hailey filed an amended complaint (Am. Compl., ECF #19) and later a supplement to his amended complaint. (Supp., ECF #25.) In March 2019, this Court referred the case to early mediation. (Order, ECF #21.) Assistant Deputy Warden Blackman then asked this Court to exclude the case from early mediation (Def.'s Stmt., ECF #22), and this Court did so. (Order, ECF #24.) On May 28, 2019, Hailey filed with this Court a proof of service indicating that he used the MDOC "legal disbursement form" to serve his complaint and summons on Assistant Deputy Warden Blackman. (Proof of Service, ECF #28.) Attached as Exhibit A is a document signed by Assistant Warden Blackman dated June 3, 2019, indicating receipt of Hailey's lawsuit via ID mail. (Def.'s Ex. A.) Attached as Exhibit B is a copy of Hailey's service envelope from him to Assistant Deputy Warden Blackman and a signed proof of service indicating that Hailey personally served the summons on Assistant Deputy Warden Blackman. (Def.'s Ex. B.)

Defendant's Brief (ECF No. 38 at PageID.94).

A summons may be served by "[a]ny person who is at least 18 years old and not a party."  Fed. R. Civ. P. 4(c)(2).  *See Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a

3

defendant"). The fact that plaintiff used the prison mail system does not transform his personal mailing into third-party service. As the Court noted in *Reading*,

> Rule 4 is not so wide in scope as to encompass the notion of a plaintiff (even one proceeding *pro se*) effectuating service by Certified Mail via the Post Master General. . . The court can find no authority . . . for the proposition that Congress ever contemplated carving a loophole into the procedural rules to permit a plaintiff to serve a defendant by indirectly effectuating service through the postal service.

*Reading*, 506 F. Supp. 2d at 19 (internal quotation marks and brackets omitted). Based on this record, plaintiff did not properly serve the amended complaint.

### B. Defendant did not waive his right to challenge service

Plaintiff claims that defendant waived a challenge to service by filing an answer. *See* Plaintiff's Response (ECF No. 41, PageID.112). Because defendant took some actions in response to the amended complaint, the Court will address the issue of waiver.

Attorney Korbakis entered an appearance by filing her "Substituted Apperance [sic] of Counsel" (ECF No. 29). *See* W.D. Mich. LCivR 2.5 ("Unless the court orders otherwise, an attorney is deemed an attorney of record by: (a) appearing in court on behalf of a party; (b) filing an entry of appearance; or (c) signing a pleading, motion or other paper as attorney for a party."). However, a party's appearance in a lawsuit does not waive that party's ability to file a motion to dismiss for lack of sufficient service. As the court noted in *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012):

> The written appearance filed by [defendant's] counsel one month before [defendant] moved for dismissal on the basis of lack of service does not constitute forfeiture. *See Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 n. 7 (6th Cir.1991) (noting that an appearance by counsel, filed after properly raising lack of proper service in the first responsive pleading, did not waive the defense). Insofar as some of our more recent cases might suggest otherwise, *see, e.g., Gerber*, 649 F.3d at 520, they must yield to *Friedman*. *See United States v. Simpson*, 520 F.3d 531, 539 (6th Cir. 2008) (noting that the earlier of two conflicting panel holdings controls).

4

*King*, 694 F.3d at 661, fn 7.

Attorney Korbakis also filed a jury demand pursuant to Fed. R. Civ. P. 38(b), which provides in part:

> On any issue triable of right by a jury, a party may demand a jury trial by: (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served; and (2) filing the demand in accordance with Rule 5(d).

Fed. R. Civ. P. 38. While Fed. R. Civ. P. 38 contemplates an answer, it was unnecessary for defendant to file an answer in this prisoner civil rights case. As discussed in the CMO, "By virtue of 42 U.S.C. § 1997e(g)(1), no defendant is required to file a response to the complaint. The only action required of any defendant is the filing of an appearance within the time allowed by the Court's order of service."

Under the Court's procedure for addressing prisoner civil rights cases, defendant's first opportunity to challenge insufficient process was by filing a motion to dismiss as done in this case. As one court observed,

> Rule 12(b) requires that a motion asserting the defense of insufficient service of process under Rule 12(b)(5) "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). A party waives the defense of insufficient service of process if he fails to include the defense either in a motion under Rule 12 or in a responsive pleading. *See* Fed.R.Civ.P. 12(h)(1)(B). Rule 12(h)(1)(B) requires a defendant "to either (i) 'make' an insufficient-service defense in a pre-answer motion or (ii) simply 'include' the defense in the answer." *King v. Taylor*, 694 F.3d 650, 657 (6th Cir.2012). A defendant has "the option to preserve the defense in either manner," provided he has not already filed a motion under Rule 12 in which he failed to assert the defense. *Id.*

*Schmelzer v. Donahoe*, No. 1:10-CV-803, 2012 WL 6721094 at *2 (Dec. 27, 2012), *R&R adopted*, 2013 WL 945423 (S.D. Ohio March 12, 2013). Based on this record, defendant did not waive his ability to challenge plaintiff's insufficient service of process.

5

### C. Remedy for insufficient service of process

Having determined that plaintiff's service was insufficient, the Court must decide what to do about it. The Sixth Circuit has expressed a preference to treat the first motion for improper service as a motion to quash. "[I]f the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later." *Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953).[2] Given this preference, and the record in this case, the Court concludes that the appropriate course of action is to construe the motion to dismiss as a motion to quash, vacate the CMO, and give plaintiff a reasonable extension of time to serve defendant.

### III. Recommendation

Accordingly, I respectfully recommend that defendant's motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(5) be construed as a motion to quash and be **GRANTED**.

I further recommend that plaintiff's summons served on defendant be **QUASHED**.

I further recommend that the Case Management Order (ECF No. 32) be **VACATED**.

I further recommend that plaintiff be given 45 days from the date that this report is adopted to properly serve the complaint.

Dated:  February 11, 2020                     /s/ Ray Kent
                                              United States Magistrate Judge

---

[2] *See generally, Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"); *Daley v. ALIA*, 105 F.R.D. 87, 89 (E.D. N.Y.1985) ("[w]hen the gravamen of defendant's motion is insufficiency of process, however, the motion must be treated as one to quash service, with leave to plaintiffs to attempt valid service").

ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report.  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order.  *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).